UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THERESA BROOKE,<br><br>   Plaintiff,<br><br>   v.<br><br>ARKESH VENTURES, INC., et al.,<br><br>   Defendants. | Case No. 16-cv-06749-LB<br><br>**ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE** |

On November 22, 2016, the plaintiff filed a complaint under the Americans with Disabilities Act, naming as the defendant Arkesh Ventures doing business as the hotel called the Purple Orchid Wine Country Resort and Spa, located at 4549 Cross Road, Livermore, California. (Compl. – ECF No. 1.) The allegation is that Arkesh Ventures owns, operates, and does business as the hotel. (*Id.* ¶ 2.) The summons issued to Arkesh Ventures c/o Steven Wang at 2426 2nd Street, Livermore, California. (ECF Nos. 1-2 and 4.) Thereafter, the plaintiff filed an amended complaint that retained Arkesh Ventures as a defendant in the same capacity, that is, as the owner and operator of the Purple Orchid. (Amended Compl. – ECF No. 13, ¶ 2.) The amended complaint added the defendant Big Eddy Ventures, specifying that it too owned, operated, and did business as the Purple Orchid. (*Id.* ¶ 3.) The summons issued to Big Eddy Ventures at the hotel's address at 4549 Cross Road. (ECF No. 14.) Thereafter, Big Eddy Ventures appeared and answered the amended complaint. (Answer – ECF No. 17.) The plaintiff and Big Eddy Ventures consented to

ORDER — No. 16-cv-06749-LB

the undersigned's jurisdiction. (ECF Nos. 16 and 19.)

The issue is the role of Arkesh Ventures. Given that both Arkesh Ventures and Big Eddy Ventures are named as the owners and operators of the Purple Orchid, it may be that only Big Eddy Ventures is the intended defendant. But the summons on the original complaint issued to Arkesh Ventures, and while the plaintiff did not request a summons for Arkesh Ventures in the amended complaint, it remains a named defendant. No proof of service was filed. (*See generally* Docket.)

Under Federal Rule of Civil Procedure 4(m), a plaintiff normally has 90 days from the filing of the complaint to serve the complaint and summons on a defendant. This means that in this case the plaintiff had until February 20, 2017, to serve Arkesh Ventures. *See* Fed. R. Civ. P. 4(m) & Fed. R. Civ. P. 6(a)(1)(C). This deadline is not altered by the plaintiff's amended complaint that added Big Eddy Ventures as a new defendant. (First Amended Compl., ECF No. 13.) *See Thai v. United States*, No. 15cv583 WQH (NLS), 2016 WL 1585135, at *2 (S.D. Cal. Mar. 15, 2016) ("[T]he filing of an amended complaint does not restart the service period against a defendant named in the original complaint under Rule 4(m)."); *Rudolph v. UT Starcom, Inc.*, No. C 07-04578 SI, 2009 WL 248370, at *2 (N.D. Cal. Feb 2, 2009).

There are several possibilities.

One, Arkesh Ventures is a defendant, and the plaintiff needs to serve it. If this is the case, the court orders the plaintiff to serve Arkesh Ventures by March 24, 2017, and to file proof of service by March 30 (or show good cause by that date for the failure to serve). If the plaintiff does not do either of these, the court will dismiss Arkesh Ventures without prejudice under Rule 4(m) for failure to prosecute.

Two, if Arkesh Ventures is not the defendant (essentially because Big Eddy Ventures is), the plaintiff can dismiss the case against Arkesh Ventures, again by March 30.

Three, a non-appearing defendant implicates issues of the court's jurisdiction. For example, the court generally cannot rule on substantive motions that affect a named defendant who has not appeared. But if the parties stipulate to sever the claims against the non-appearing (but properly served) defendant, the court can retain jurisdiction over the original case, which moves forward against the served parties. The severed case is assigned a new case number and remains assigned

to the undersigned. The court generally addresses any issues against the non-appearing defendant (such as any motion for default judgment) at the end, either directly (if there is a dismissal) or by way of a report and recommendation that ultimately would be reviewed by a district judge.

The court thus directs the plaintiff to address issues one and two (service of Arkesh Ventures or dismissal of it) by March 30. If the issue is number three, then the court asks the parties to file a short joint update about whether they agree to sever Arkesh Ventures.

**IT IS SO ORDERED.**

Dated: March 18, 2017

LAUREL BEELER
United States Magistrate Judge